UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: THE MATTER OF PARKER              CIVIL ACTION
DRILLING OFFSHORE USA, L.L.C.
ETC.                                     NUMBER: 03-2611

                                         SECTION: "C"(5)

**ORDER AND REASONS**

Presently before the Court is the claim/intervention of Louisiana Workers' Compensation Corporation ("LWCC") to recover a lien from Parker Drilling Offshore USA in the above-captioned matter in connection with sums paid for the benefit of Lonnie Cortney Campbell.[1]/ (Rec. doc. 40). In response to that intervention, Parker Drilling Offshore USA filed an unopposed motion for leave to file a third-party demand against Frank's

---

[1]/ Lonnie Cortney Campbell was an employee of Frank's Casing who was working on the Parker Rig 14-J owned by Parker Drilling when the rig collapsed, causing injury to Campbell and others. LWCC paid benefits pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sections 901, et seq. The parties have stipulated to the amount of funds in question.

Casing Crew & Rental Tools, Inc., for indemnification with respect to sums paid for the benefit of Mr. Campbell, which motion the Court hereby grants. (Rec. doc. 1078).

Frank's Casing then filed a motion to dismiss the third-party demand of Parker Drilling and the intervention of LWCC pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Rec. doc. 1080).  Parker Drilling filed an opposition thereto, as has LWCC.  (Rec. docs. 1085, 1090). Counsel have agreed that this matter may be dealt with pursuant to the motions as currently filed, rather than converting same to ones for summary judgment.[2]/

The facts surrounding this dispute do not appear to be at issue and may be re-counted as follows:

The Parker Rig 14-J was on hire to Manti Operating Company at the time of its collapse on September 11, 2003 pursuant to the Domestic Dayrate Drilling Agreement-Offshore dated January 4, 2003 executed between those parties.  Personnel from Frank's Casing Crew & Rental Tools, Inc. were onboard the Parker Rig 14-J pursuant to a Master Service Agreement ("MSA") dated October 7, 2002 between Manti Operating Company and Frank's Casing Crew & Rental Tools, Inc., performing work as encompassed by the Frank's MSA at the time that the Parker Rig 14-J collapsed.  Copies of both of those documents have been supplied to the Court and are annexed hereto.

---

[2]/ The parties also consented to have the undersigned resolve the matter at hand pursuant to 28 U.S.C. §636(c).  (Rec. doc. 1082).

Additionally, an arbitration proceeding between Frank's Casing Crew & Rentals, Inc., F. J. Brown & Associates, Inc., Petron Industries, Inc., Parker Drilling Company, Parker Drilling Offshore USA, L.L.C., and Manti Operating Company went forward on July 28, 2006, ultimately being ruled upon by the arbitrator on August 16, 2006.  The award of the arbitrator was confirmed by final judgment of the 148th Judicial District Court of Nueces County, Texas, on August 29, 2006 in Cause # 05-2249-E.  Pursuant to that judgment, a copy of which is also annexed hereto, it was held that:

> "With respect to claims asserted or which could have been asserted (including those claims that have been settled) in the United States District Court for the Eastern District of Louisiana Limitation of Liability Action Cause Number 03-2611 that were filed by the Frank's Personnel, Frank's Casing Crew & Rental Tools, Inc. shall provide defense and indemnity to Manti Operating Company and Manti Operating Company shall provide defense and indemnity to Parker Drilling Company and Parker Drilling Offshore (USA), L.L.C."

LWCC was not a party to the arbitration or state court proceedings.

Frank's Casing, at all relevant times, was covered by a policy of Workers' Compensation and Employers Liability Insurance issued by LWCC.  Pursuant to that policy, LWCC paid benefits to Lonnie Cortney Campbell in connection with the injuries which he sued upon herein.  That policy contains the following language pertaining to the circumstances under which LWCC is contractually bound to waive its right to recover a compensation lien from third parties:

> "We [LWCC] have the right to recover our payments from anyone liable for an injury covered by this policy.  We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that

you perform work under a written contract that requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit anyone not named in this Schedule.

Schedule

Any person or organization to whom the named insured is obligated by written contract to provide such waiver."

Pursuant to the MSA between Manti Operating Company and Frank's Casing, those parties agreed to the following responsibilities:

7. *Indemnities*

7.1 (b) CONTRACTOR [Frank's Casing] shall be liable in any case of illness, injury or death, suffered by the personnel of all members of CONTRACTOR GROUP and in any case of loss or damage to all members of CONTRACTOR GROUP's property or equipment, either owned or rented and operated by any member of CONTRACTOR GROUP (including the property which is the subject of the Work) arising out of or relating to the performance of the Work and REGARDLESS OF WHETHER CAUSED OR BROUGHT ABOUT BY ANY MEMBER OF COMPANY GROUP's NEGLIGENCE (INCLUDING ACTIVE, PASSIVE, SOLE, JOINT OR CONCURRENT NEGLIGENCE), OR ANY OTHER THEORY OF LEGAL LIABILITY, INCLUDING STRICT LIABILITY, THE UNSEAWORTHINESS OF ANY VESSEL, THE UNAIRWORTHINESS OF ANY AIRCRAFT AND INCLUDING PRE-EXISTING CONDITIONS said CONTRACTOR shall release, defend, protect, indemnify and hold harmless all members of COMPANY GROUP from and against any loss, cost, claim, obligation to indemnify another, loss of services, loss of wages, loss of consortium or loss of society, suit, judgment, award or damage (including reasonable attorney's fees), whether known or unknown, on account of such illness, injury or death, loss or damage.
...

7.1 (d) The indemnity obligations voluntarily assumed by CONTRACTOR and COMPANY under this Article shall be supported by insurance which shall have coverage of no less than $5,000,000 per occurrence and which shall be primary to any other insurances provided by the indemnitee. COMPANY and CONTRACTOR agree to have their underwriters name each other as additional assured, but only to the extent of the indemnity

> obligations assumed by the indemnitor herein, **with full and complete waivers of subrogation** in the policies covering such illness, injury or death and damage to or loss or destruction of property. The limits and coverages of the said insurances shall in no way limit the liabilities or obligations assumed by the parties under this Article.  If it is judicially determined that the monetary limits of insurance required hereunder or the indemnities assumed under this Article exceed the maximum monetary limits or scope permitted under applicable law, it is agreed that said insurance requirements or indemnities shall automatically be amended to conform to the maximum monetary limits or scope permitted under such law.
>   ...
>
> 8.   *INSURANCE*
>
> CONTRACTOR shall purchase and maintain in full force and effect, with underwriters acceptable to COMPANY (all carriers shall be AM Best A rated as a minimum), the following policies of insurance, which will be primary as to any other valid and existing policies of insurance of COMPANY.  **Except for Worker's Compensation insurance,** all such policies shall name all members of COMPANY GROUP as additional assureds, but only to the extent of CONTRACTOR's indemnification obligations set forth in this Agreement and shall waive all rights of subrogation by the underwriters against all members of COMPANY GROUP.  ...

LWCC argues that the "Insurance" section quoted above abrogates any subrogation language otherwise contained in the MSA between Manti and Franks.  The Court further notes that the LWCC policy names only Frank's Casing Crew and Rental Tools, Inc. as the insured with no additional insureds.

The Court has reviewed the various contractual obligations between the parties hereto and agrees with the decision reached by the arbitrator set forth above.  Pursuant to the Domestic Dayrate Drilling Agreement between Manti Operating Company (referred to in that document as OPERATOR) and Parker Drilling Company (referred to

in that document as CONTRACTOR), dated January 4, 2003, Manti assumed responsibility to indemnify Parker for "illness, injury or death, suffered by the personnel" of Manti's subcontractors.

More specifically, Section 8 of the agreement referred to as "Indemnities" provides that the "OPERATOR (Manti) shall be liable in any case of illness, injury or death, suffered by the personnel of all members of OPERATOR GROUP".[3] OPERATOR GROUP is further defined as "a reference individually and collectively for... OPERATOR's subcontractors of all tiers...."[4] The document further provides that such indemnity is required "regardless of whether caused or brought about by any member of contractor (Parker) group's negligence ... or any other theory of legal liability, including strict liability, the unseaworthiness of any vessel ... and includes pre-existing conditions."  The agreement further provides that OPERATOR (Manti) "shall release, defend, protect, indemnify and hold harmless all members of CONTRACTOR GROUP (Parker) from and against any loss, cost, claim obligation to indemnify another, loss of services, loss of wages, loss of consortium or loss of society, suit, judgment, award or damage (including reasonable attorney's fees), whether known or unknown, on account of such illness, injury or death, loss or damage".[5]

---

[3] See Section 8.1[c] of the aforementioned agreement.

[4] See Section 8.1[a] of the aforementioned agreement.

[5] See Section 8.1[c] of the aforementioned agreement.

As Frank's Casing Crew & Rental Tools, Inc. is the subcontractor of Manti Operating Company pursuant to the Master Service Agreement ("MSA") dated October 7, 2002, Manti must indemnify Parker for any claim asserted by Frank's against Parker, unless by contract Manti can preclude Frank's from asserting such an action. In other words, the Court now looks to determine what obligations Frank's and Manti assumed vis-a-vis their own contractual relationship.

The Frank's/Manti MSA is similar in language to the contract between Parker and Manti insofar as indemnities are concerned. In that document, Frank's (Contractor) agreed to assume liability "in any case of illness, injury or death suffered by the personnel of all members of CONTRACTOR GROUP" ... "arising out of or relating to the performance of the Work" ... "regardless of whether caused or brought about by ... any ... theory of legal liability, including strict liability, the unseaworthiness of any vessel ... and including pre-existing conditions." Frank's further agreed to "release, defend, protect, indemnify and hold harmless all members of COMPANY GROUP from and against any loss, cost, claim, obligation to indemnify another, loss of services, loss of wages, loss of consortium or loss of society, suit, judgment, award or damage (including reasonable attorney's fees), whether known or unknown, on account of such illness, injury or death, loss or damage."[6]

---

[6] See Section 7.1(b) of the aforementioned agreement.

Accordingly, as found by the arbitrator, Parker Drilling had an indemnity agreement with Manti who, in turn, had an indemnity agreement with Frank's Casing.  Although LWCC might not have been a party to that arbitration, this Court finds that insofar as LWCC's rights are concerned, Frank's Casing has an obligation to provide defense and indemnity to Manti Operating Company and Manti Operating Company has an obligation to provide defense and indemnity to Parker Drilling in connection with the claims of Lonnie Cortney Campbell.

Pursuant to its policy "[w]e, [LWCC] have your [Frank's] rights to recover our payment from anyone liable for an injury covered by this insurance."[7]  However, Frank's has contractually abrogated any rights it might have had against Parker as set forth above.  LWCC's policy endorsement entitled "Waiver of our Right to Recover from Others" recognizes that LWCC will not enforce a right of recovery against "any person or organization to whom the named insured is obligated by written contract to provide such waiver."[8]  Although the contracts of indemnity referenced above between Parker, Manti and Frank's do not use the word "waiver", per se, in the same sentence with the term "compensation benefits", the legal effect of the documents is that Frank's gives up its rights to pursue Parker or Manti for the injuries sustained by its employee,

---

[7] See LWCC policy, Part Two, Section H, at page 10.

[8] See LWCC policy endorsement at page 27.

Lonnie Cortney Campbell. That requires LWCC to grant Frank's the waiver that it seeks. To hold otherwise would, in effect, void the policy of insurance which Frank's purchased from LWCC, leaving Franks to pay benefits to its injured employee. This would be an absurd result indeed, which the Court finds hard to believe the parties intended.[9]/

The Court looks to Louisiana law for the applicable standard for contract interpretation in this instance, as it appears that both Frank's Casing Crew and Rental Tools, Inc. and LWCC are Louisiana entities. Under Louisiana law, a contract is the law between the parties, and is read for its plain meaning. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Circle, Inc., 915 F.2d 986, 989 (5th Cir. 1990)(per curiam). Furthermore, where the words of a contract are clear and explicit and lead to no absurd consequences, the contract's meaning and the intent of its parties must be sought within the four corners of the document and cannot be explained or contradicted by extrinsic evidence. Therefore, if a court finds a contract to be unambiguous, it may construe the intent from the face of the document, without considering extrinsic evidence, and may enter judgment as a matter of law. Am.

---

[9]/ The Court further notes that it is undisputed that LWCC waived complete recovery of all Longshore benefits paid to other Frank's Casing employees in this litigation in connection with the settlement of the claims of Kenneth Theriot, Ricky Norman, Gerald Bledsoe and Wilbert James. These waivers were given at a time when liability was no longer at issue and for amounts of money greater than that incurred for the care of Mr. Campbell.

Totalisator Co., Inc. v. Fair Grounds Corp., 3 F.3d 810, 813 (5th Cir. 1993).

A contract is ambiguous when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction.  Davis Oil Co. v. TS, Inc., 145 F.3d 305, 308 (5th Cir. 1998); Lloyds of Londer v. Transcon. Gas Pipe Line Corp., 101 F.3d 425, 429 (5th Cir. 1996).  In other words, when the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.  Pursuant to this established rule, the parties may not create an ambiguity where none exists and courts are not authorized to create new contractual obligations where the language of the written document clearly expresses the intent of the parties.  Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1326 (5th Cir.), cert. denied, 513 U.S. 815, 115 S.Ct. 71 (1994).

Applying these principles to the matter at hand, the Court does not believe that it was the intent of Manti and Frank's Casing, in agreeing to the Section 8 insurance clause of the MSA, to carve Longshore and Harbor Workers' benefits out of the indemnity section of the contract.  The indemnity obligation is separate and distinct from the obligation to name additional insureds under a contract of insurance and neither obligation conflicts with the other.

Accordingly, IT IS ORDERED that the motion of Frank's Casing & Rental Tools, Inc. to dismiss the claim/intervention of LWCC is GRANTED.

IT IS FURTHER ORDERED that the claim/intervention of LWCC against Parker Drilling Offshore USA is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the third-party demand of Parker Drilling Offshore USA against Frank's Casing & Rental Tools, Inc. is DISMISSED WITH PREJUDICE.

A judgment will issue in conformity herewith.

New Orleans, Louisiana, this <u>28th</u> day of <u>September</u>, 2007.

                        ALMA L. CHASEZ
                UNITED STATES MAGISTRATE JUDGE